**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL NO. 2:08CV32**

| | | |
|---|---|---|
| **SHERIDAN E. SNYDER, and THE CLOSING PLACE®, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **Vs.** | ) | **MEMORANDUM AND ORDER** |
| **EVANGELINE A. LEDFORD,** | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiffs' motion for a temporary restraining order and preliminary injunction. For the reasons that follow, Plaintiffs' motion for a temporary restraining order is denied, and the motion for a preliminary injunction is held in abeyance pending service on and response from Defendant.

## I. BACKGROUND

On November 14, 2008, Plaintiffs filed an initial complaint alleging state law claims and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs sent a request for waiver of service to Defendant on or about November

18, 2008; such waiver has not yet been returned by Defendant and the time to file an answer has not expired. ***See* Fed. R. Civ. P. 4(d).** On December 8, 2008, Plaintiffs filed an amended complaint, signed by counsel, but such contains no certificate of service or any other information that would indicate Defendant has been served with the amended complaint.

According to the amended complaint, Plaintiff Snyder is a citizen and resident of Tennessee and is the sole owner and principal officer of The Closing Place, Inc., a business incorporated under the laws of the State of North Carolina. **Amended Complaint, ¶ 2.** The Closing Place provides administrative support to attorneys engaged in real estate transactions in North Carolina and Georgia. ***Id*. ¶ 5.** The Closing Place has offices in Hayesville and Murphy, North Carolina (the "Hayesville property" and "Murphy property"), as well as other locations. ***Id*. ¶ 15.** Defendant is a citizen and resident of Georgia, and from 2001 until December 28, 2006, Defendant and Snyder each owned 50 percent of The Closing Place. ***Id*. ¶¶ 3, 4.**

In 2006, as the economy began to sour, The Closing Place began to struggle financially, and soon required an infusion of cash in order to avoid

collapse. ***Id.* ¶¶ 9, 10.** Snyder asked Defendant to contribute funds to support The Closing Place but Defendant refused. ***Id.* ¶ 10.** As a result, Snyder contributed $140,000 of her own funds to shore up the ailing business. ***Id.*** Thereafter, Snyder negotiated with Branch Banking & Trust ("BB&T") to obtain additional capital for the business. ***Id.* ¶ 11.** Snyder also sent a proposal to Defendant "in an attempt to equalize the financial participation in the business." ***Id.*** However, Snyder contends Defendant ignored her proposal and allegedly undermined her negotiations with BB&T such that Snyder had to seek the additional capital from another bank. ***Id.* ¶¶ 11-13.**

Both Defendant and Snyder, as co-owners of The Closing Place, were required to sign any loan documents. Snyder negotiated for a loan with another bank, but Defendant would not sign the loan documents that would have secured refinancing for The Closing Place. ***Id.* ¶ 14.** Instead, Defendant agreed to sign over her interest in the Murphy and Hayesville properties in return for deeds of trust in the Murphy and Hayesville properties and the execution of a promissory note by Snyder in the amount of $175,000 designating Defendant as the beneficiary. ***Id.* ¶ 15.** Snyder alleges that she "believed that The Closing Place® would suffer irreparable

harm unless she execute (sic) the two (2) Deeds of Trust in favor of" Defendant on the Murphy and Hayesville properties. ***Id***. Further factual allegations from the amended complaint are included as needed herein.

Plaintiffs' motion for a temporary restraining order and preliminary injunction states that a foreclosure proceeding against the Murphy property has been instituted by Defendant and is scheduled for hearing before the Clerk of Court in Cherokee County, North Carolina, on Monday morning, December 22, 2008. Plaintiffs ask the Court to restrain Defendant, or anyone acting on her behalf, from proceeding with the December 22, 2008, foreclosure hearing, and contends Snyder will suffer irreparable harm if a temporary restraining order does not issue preventing the foreclosure.

## II. DISCUSSION

Federal Rule of Civil Procedure 65(b) provides that this Court may issue a temporary restraining order without notice to the adverse party or its attorney only if the following conditions are met:

> [S]pecific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

**Fed. R. Civ. P. 65(b)(1)(A) & (B)**.

As of this date, the Court's docket reflects that a request for waiver of service was filed November 18, 2008; however, the waiver of the service of summons has not been filed showing Defendant has in fact waived service of the summons, and no other information appears that would indicate Defendant has been served with the complaint.

Likewise, when Plaintiffs filed the motions for temporary restraining order and preliminary injunction on December 18, 2008, there was no indication thereon that the Defendant had been served with any of the documents. Counsel's proposed order states, "Plaintiff, by counsel, certifies that on the ____ day of December, 2008 copies of the Motion and Affidavits were mailed by United States mail to the Defendant, EVANGELINE A. Ledford and to Rudolph Bata, Defendant's attorney of record in the state court Foreclosure action described in the Motion." **Proposed Order, *attached to* Plaintiffs' Memorandum in Support of a Temporary Restraining Order, filed December 18, 2008.** Remarkably, counsel left the date of service blank and did not provide certification, as required by Fed. R. Civ. P. 65(b)(1)(B), that he had made an effort to serve Defendant with these documents. This morning, however, counsel filed a

document entitled "Notice of Service." Had this notice not been filed, the motion for a temporary restraining order would have been summarily denied. However, with the proper certification now filed in this matter, the Court is free to consider the merits.

In deciding whether or not to grant a temporary restraining order, the Court employs the same standard used in deciding whether to issue a preliminary injunction. ***See Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006).** To this end, the Court must consider, (1) the likelihood of irreparable harm to Plaintiffs if the temporary restraining order is denied; (2) the likelihood of harm to the Defendant if the restraining order is granted; (3) the likelihood that Plaintiffs will prevail on the merits of the claims; and (4) the public interest. Plaintiffs, as the movants, have the burden of establishing that the Court should grant the restraining order. ***Id.*; *see Blackwelder Furniture Co. of Statesville, Inc., v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 195 (4th Cir. 1977) (discussing the above factors).** The Court will consider the amended complaint and the instant motions in assessing these factors.

**A. Irreparable Harm to Plaintiffs**

Plaintiffs have notice of the foreclosure proceeding that is scheduled before the Clerk of Superior Court in Cherokee County; Snyder is represented by counsel; and presumably is able to attend the foreclosure hearing. At this hearing, Snyder will have an opportunity to be heard before the Clerk. ***See generally*** **N.C. Gen. Stat. § 45 (Mortgages and Deeds of Trust**). Snyder can contest the foreclosure before the clerk or take further action in state court. Plaintiffs' amended complaint seeks damages that flow from the alleged actions of Defendant. These three opportunities, at a minimum, lean against a finding that Plaintiffs will likely suffer irreparable harm absent a temporary restraining order.

**B. Likelihood of Harm to Defendant**

There is no proof that Defendant has actual notice of the complaint, amended complaint, or the current motions in this matter. Even though counsel filed notice of service *this* morning, it is very likely Defendant will not receive them until sometime *after* today. According to Plaintiffs' counsel, Defendant plans to attend the foreclosure hearing with her attorney on December 22, 2008, and the undersigned is no position to

assess the merits of that action. Plaintiffs' claims that the deed of trust and promissory note were obtained through economic duress, tortious interference with contract, and breach of fiduciary duty remain pending in this Court. Plaintiffs, as well as the Defendant (should she be served and elect to participate in the litigation), will have ample opportunity to be heard on these issues and the question of damages. The likelihood of harm to Defendant should the restraining order issue without notice weighs against Plaintiffs.

**C. Plaintiffs' Likelihood of Success on the Merits**

Plaintiffs cite duress as the reason for accepting Defendant's interest in the Murphy Property and issuing a promissory note to Defendant. The allegations tend to show that Snyder started The Closing Place in 2001, has significant business experience, and accepted Defendant as an equal partner. **Amended Complaint, *supra*.** With the economic downturn, Snyder alleges she was forced to invest $140,000 of her own money into a business on the brink of collapse. ***Id.*** The allegations further show that Defendant refused to invest money in the business as it began to fail, and was willing to divest herself of interest in return for the deeds of trust and

promissory note. ***Id***. On the surface, without more, this appears to be an arms length transaction between two experienced business people. The Court is unable to conclude whether or not there is a likelihood that Plaintiffs will succeed on the merits.

**D. Public Interest**

Based on the facts alleged in the record, the Court cannot conclude that it is in the public interest to issue a restraining order that would interrupt a state foreclosure proceeding.

The undersigned has conducted a careful review of the record so far, including Plaintiffs' instant motions for temporary restraining order and preliminary injunction, and concludes that Plaintiffs' motion for such an order should not be granted under the facts alleged. Plaintiffs have an opportunity to be heard during the foreclosure hearing and are not precluded from seeking further remedies against Defendant through her amended complaint or through the foreclosure action pending before the state court.

Before considering the Plaintiffs' motion for a preliminary injunction, the Court will require Plaintiffs to file proof that Defendant has been served

with the amended complaint and will provide Defendant with an opportunity to respond to Plaintiffs' motions. ***See* LCvR 7.1(E) ("Responses to motions . . . shall be filed within fourteen (14) days of the date on which the motion is served, as evidenced by the certificate of service attached to said motion.").**

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion for a temporary restraining order is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a preliminary injunction is held in abeyance pending Defendant's response thereto.

Signed: December 19, 2008

Lacy H. Thornburg
United States District Judge