IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:08CV32

| | | |
|---|---|---|
| SHERIDAN E. SNYDER, and THE CLOSING PLACE®, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | **O R D E R** |
| EVANGELINE A. LEDFORD, | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court to address the motion for preliminary injunction filed by Plaintiff on December 18, 2008, and to notify the parties of the need to conduct an initial attorney's conference pursuant to the Local Rules of this Court.

Plaintiff filed motions for a temporary restraining order and preliminary injunction on December 18, 2008. The motions requested this Court to enter an order enjoining an ongoing state foreclosure action against property in which Plaintiff alleged an interest. The motion for the temporary restraining order was denied and the motion for preliminary injunction was held in abeyance pending service of the same on Defendant

and providing her with adequate time to respond.  **See Memorandum and Order, filed December 19, 2008, at 9-10.**  On December 19, 2008, Plaintiff filed a certificate of service showing Defendant had been served with copies of the motion for temporary restraining order, supporting memorandum, and proposed order granting the relief sought.  **See Notice of Service, filed December 19, 2008.**  On December 22, 2008, Plaintiff filed a waiver of service executed by Defendant wherein she acknowledged receipt of the summons and complaint but nothing in the waiver indicated she had received the other documents.  On January 20, 2009, Defendant filed a motion for extension of time to file an answer.  Defendant was granted up to and including February 27, 2009, to file an answer or otherwise respond to the complaint.  **See Order, filed January 21, 2009.**  Although Defendant timely filed her answer, she has not filed a response to the motion for preliminary injunction.

Plaintiff's motions for injunctive relief seek an order enjoining "Defendant and anyone acting on her behalf from proceeding with a foreclosure on The Closing Place office building at 10 Tennessee Street, Murphy, North Carolina upon the grounds that plaintiff Snyder was under economic duress" in executing the deed in favor of Defendant.  **Plaintiff's**

**Motion for Temporary Restraining Order and Preliminary Injunction, filed December 18, 2008, at 1.** In the proposed order submitted with the motion, Plaintiff states that a foreclosure proceeding was scheduled against The Closing Place on December 22, 2008, before the Clerk of the Court for Cherokee County, North Carolina. **Proposed Order, *attached to* Plaintiff's Memorandum in Support of a Temporary Restraining Order, filed December 18, 2008, at 1.** Defendant admits she has initiated foreclosure proceedings on the Deed of Trust and promissory note applicable to The Closing Place, as alleged in Plaintiff's amended complaint. **Answer, filed February 27, 2009, ¶ 23; Amended Complaint, filed December 8, 2008, ¶ 23.**

The Court must determine whether or not the foreclosure proceeding has been completed before a decision can be reached on the merits of Plaintiff's motion for preliminary injunction. Therefore, Plaintiff should inform this Court of the status of any foreclosure proceeding involving The Closing Place. Following such a filing, the Court will consider whether Plaintiff's motion for preliminary injunction should be denied as moot or whether the merits of the motion should be reached.

Further, the parties are reminded that the Local Rules require them to meet and file a proposed discovery plan.

> As soon as practicable, and in any event not later than fourteen days (14) from the joinder of the issues . . ., the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an . . . "Initial Attorney's Conference" . . . .  In addition, counsel shall also discuss at such conference consent to magistrate judge jurisdiction.  *See* LCvR 73.1(C).

**LCvR 16.1**.  As noted herein, Defendant filed an answer in this matter on February 27, 2009.  Although Defendant's answer contains a motion to dismiss the complaint, no accompanying brief has been filed.  ***See* LCvR 16.1(D) ("Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues.").**

**IT IS, THEREFORE, ORDERED** that Plaintiff file a status report regarding the foreclosure proceedings involving The Closing Place within 10 days from entry of this order.

**IT IS FURTHER ORDERED** that the parties conduct an initial attorney's conference as required by the Local Rules, discuss consent to magistrate judge jurisdiction, and file a proposed discovery plan within 20 days from entry of this Order.

5

Signed: March 16, 2009

*[signature]*

Lacy H. Thornburg
United States District Judge